UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARC DAVIS,<br><br>Defendant. | No. 1:21-cr-00206-ADA-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT<br><br>(ECF No. 77) |

This matter is before the Court on Defendant Marc Davis's (Defendant) motion to dismiss the Indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure. (ECF No. 77.) The Court heard oral argument on Defendant's motion on March 13, 2023, where Erin Snider appeared on behalf of Defendant, Marc Davis, and Kimberley Sanchez appeared on behalf of the United States. For the reasons stated below, the Court will deny Defendant's motion to dismiss the Indictment.

**I.**

**Background**

On April 19, 2021, the United States filed a criminal Complaint charging Defendant with a violation of 18 U.S.C. 922(g)(1), felon in possession of ammunition. (ECF No. 1.) On August 12, 2021, a grand jury returned an Indictment officially charging Defendant with a single count of felon in possession of ammunition in violation of 18 U.S.C. 922(g)(1). (ECF No. 21.) The

Indictment alleges that on or about March 21, 2021, Defendant having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess ammunition which included multiple rounds of SIG, .300 blackout, and Hornady, .300 blackout ammunition. (*See* ECF No. 21 at 1-2.)  The Indictment identifies Defendant's three prior felony convictions in the Fresno County Superior Court: (1) a December 20, 2016, felony conviction for violating California Penal Code Section 273.5(a), corporal injury to a spouse or cohabitant with a sentence of three years; (2) a December 20, 2016, felony conviction for violating California Penal Code Section 422, criminal threats with a sentence of two years; and (3) a December 11, 2013, felony conviction for violating California Penal Code Section 459/460(b), second degree burglary with a sentence of two years. (*Id.*)

On January 6, 2023, Defendant filed this motion to dismiss the Indictment. (ECF No. 77.) On February 10, 2023, the United States filed its opposition and on February 22, 2023, Defendant filed his reply. (ECF Nos. 80, 83.)

On this pending motion, Defendant moves to dismiss the single count Indictment which charges him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) alleging that under the framework announced by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), Section 922(g)(1) violates the Second Amendment to the United States Constitution. (*See* ECF Nos. 77 and 83.)  The United States disagrees and instead posits that *Bruen* does not cast doubt on Section 922(g)(1)'s constitutionality, but that even if it did, Section 922(g)(1) falls within the Nation's long-standing historical traditions of disarming citizens who are not law-abiding. (*See* ECF No. 80.)

**II.**

**Second Amendment Jurisprudence**

The Second Amendment "guarantees the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).  At the core of this guarantee is the right to keep and bear guns for the purpose of self-defense both inside and outside the home. *Id.* at 630; *Bruen*, 142 S. Ct. at 2122.  When the Supreme Court issued its formative Second Amendment opinion in *District of Columbia v. Heller*, it held that Second

Amendment rights could not be subject to interest balancing. *Id.* at 634. Though the Court did not articulate a formal test to determine the constitutionality of firearm regulations, it did hold that the modern scope of Second Amendment rights is equivalent to their scope at the time of the amendment's adoption. *Id.* at 634–35. In the absence of more direction from *Heller*, the Courts of Appeals subsequently articulated a two-part test to assess the constitutionality of firearm regulations. *See Bruen*, 142 S. Ct. at 2125. The first step of the test required the government to demonstrate that it sought to regulate activity outside the scope of the original understanding of the Second Amendment. *Id.* at 2126. If the historical evidence for the regulation was inconclusive or suggested that the Second Amendment protected the regulated activity to some degree, courts would then analyze the law under either strict or intermediate scrutiny, depending on the regulation's proximity to the core of the Second Amendment. *Id.*

In *Bruen*, the Court abandoned the second step of this test, holding that courts must analyze the Second Amendment's scope through the lens of history and tradition without regard to means-end scrutiny. *Id.* at 2128. The Court then articulated the proper method to assess the constitutionality of laws burdening Second Amendment rights:

1. First, the court must determine whether the plain text of the Second Amendment covers the regulated conduct.
2. If the plain text does so cover, then the Constitution presumptively protects the conduct, requiring the government to justify the law "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."

*Id.* at 2126. The Court emphasized that, rather than introducing a novel method of analysis, it simply reoriented courts to the methodological approach in *Heller* and *McDonald*, which rejected the use of means-end scrutiny as a tool for assessing the scope of the Second Amendment. *Id.* at 2128–29.

### III.
### Discussion

In their motion to dismiss the Indictment, Defendant, a convicted felon, argues that under *Bruen*, Section 922(g)(1) is unconstitutional because "the Second Amendment clearly protects an

individual's right to possess ammunition and the government cannot meet its burden of demonstrating that the regulation at issue is consistent with the country's historical tradition of firearm regulation." (ECF No. 77 at 4.) In response, the United States contends that *Bruen* did not "disturb, much less overrule" the Ninth Circuit precedent holding that felons have no constitutional right to possess firearms. (ECF No. 80 at 10.) Furthermore, the United States argues that the Nation has a "long-standing tradition of disarming citizens who are not law-abiding." (*Id*. at 5.) The Court agrees with the United States that *Bruen* did not effectively overrule Ninth Circuit precedent upholding the validity of Section 922(g)(1), and thus this Court is bound by such precedent and will deny Defendant's motion.

The Ninth Circuit has relied on *Heller* to repeatedly uphold the constitutionality of prohibiting felons from possessing firearms. *See United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010) (holding that Section 922(g)(1) "does not violate the Second Amendment as it applies to Vongxay, a convicted felon"); *Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014) ("§ 922(g)(1) continues to pass constitutional muster"); *United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016) (stating that the court "under Supreme Court precedent and our own" "must" "assum[e] the propriety of felon firearm bans"). Additionally, after *Heller*, the Courts of Appeals have unanimously upheld the validity of Section 922(g)(1) by affirming that restrictions on Second Amendment rights of convicted felons are constitutional. *See e.g., United States v. Bogle*, 717 F.3d 281, 282 n.1 (2d Cir. 2013) (collecting cases).

This Court is bound by Ninth Circuit precedent unless that precedent is "effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). A prior decision is effectively overruled when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Id*. "The clearly irreconcilable requirement is a high standard." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (citations omitted). "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Id*. (citations omitted).

Thus, at issue herein is whether the Supreme Court's holding in *Bruen* effectively overruled

*Heller* and, as a result, also overruled *Vongxay* and its progeny. This Court believes that it did not.

In *Heller*, the Supreme Court held that the Second Amendment encompasses the individual right to keep and bear handguns for purposes of self-defense both inside and outside the home. *Heller*, U.S. 554 at 630. However, the Court emphasized that this Second Amendment right, like most rights, is not unlimited. *Id*. at 626. The Court further articulated certain restrictions as "presumptively lawful," *id.* at 627 n.26, by noting that "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id*. at 626-27. Two years later, the Supreme Court in *McDonald v. Chicago*, 561 U.S. 742, 786 (2010), "repeat[ed] [these] assurances" and upheld the validity of laws prohibiting possession of firearms by felons.

Nothing in *Bruen* indicates that the Supreme Court has effectively abandoned its earlier rulings in *Heller* and *McDonald*. In fact, both the concurring and dissenting opinions indicate that *Heller* remains unaffected by *Bruen*. *See id*. at 2162 (Kavanaugh, J., concurring) (Justice Kavanaugh and Roberts, concurring with the *Bruen* majority, reiterated what they perceived as the continuing validity of *Heller*'s presumptively lawful prohibitions by stating that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"); *id*. at 2157 (Alito, J., concurring) ("[n]or have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns"); *id*. at 2189 (Breyer, J. dissenting) (noting that "[l]ike Justice Kavanaugh, I understand the Court's opinion today to cast no doubt on . . . *Heller*'s holding" that prohibitions on the possession of firearms by felons are presumptively lawful).

*Bruen* requires courts to determine whether "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. at 2126. Consistent with this requirement, the court in *Vongxay* noted that "[o]ur examination . . . of historical gun restrictions . . . lends credence to post-*Heller* viability" of the court's pre-*Heller* ruling that Section 922(g)(1) does not violate the

Second Amendment. *Vongxay*, 594 F.3d at 1116. The *Vongxay* court held that "[n]othing in *Heller* can be read legitimately to cast doubt on the constitutionality of § 922(g)(1)." *Id.* at 1114. In explaining its ruling, that court noted that *Heller* recognized that the Constitution leaves "a variety of tools for combating [gun violence], including some measures regulating handguns." *Id*. at 115 (citing *Heller*, 128 S. Ct. at 2822) (emphasis omitted). In upholding the constitutionality of Section 922(g)(1), the court observed that although "the historical question has not been definitively resolved," "most scholars of the Second Amendment agree that the right to bear arms was 'inextricably . . . tied to' the concept of a 'virtuous citizen[ry]' that would protect society through 'defensive use of arms against criminals, oppressive officials, and foreign enemies alike,' and that 'the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals) . . . .'" *Id*. at 1118 (citing Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 Law & Contemp. Probs. 143, 146 (1986)) (citations omitted); *see also United States v. Hill*, No. 21CR107 WQH, 2022 WL 4361917, at *2 (S.D. Cal. Sept. 20, 2022).

However, this Court finds that the limited tension between *Vongxay* and *Bruen* is not enough to find that *Bruen* "effectively overruled" *Vongxay*. *Close*, 894 F.3d at 1073; *see also United States v. Siddoway*, No. 1:21-CR-00205-BLW, 2022 WL 4482739, at *2 (D. Idaho Sept. 27, 2022). Additionally, even if *Bruen* cautioned that the Supreme Court in *Heller* did not "undertake an exhaustive historical analysis … of the full scope of the Second Amendment" this Court does not find this enough to "effectively overrule" *Heller. Bruen*, 142 S. Ct. at 2128. Therefore, the reasoning of *Vongxay* and *Heller* are not "clearly irreconcilable with the reasoning" in *Bruen*. *Miller*, 335 F.3d at 893; *see also Close*, 894 F.3d at 1074 ("[n]othing short of "clear irreconcilability" will do). As such, this Court is bound by *Vongxay* and its progeny.

This Court is further persuaded by all the other district courts in the Ninth Circuit that have addressed the same issue post-*Bruen* and have upheld the constitutionality of Section 922(g)(1). *See United States v. Walker*, No. 2:19-CR-234-DAD-BAM, ECF No. 83 (E.D. Cal. Dec. 6, 2022) (denying defendant's motion to dismiss); *Hill*, 2022 WL 4361917, at *3 (holding that *Bruen* did not "effectively overrule" *Vongxay*, thus the court is bound by *Vongxay* and its progeny); *Walker v. United States*, No. 20-CV-31-DMS-AGS, 2022 WL 16541183 (S.D. Cal. Oct. 28, 2022) (same);

*United States v. Carleson*, No. 3:22-CR-00032-SLG, 2022 WL 17490753 (D. Alaska Oct. 28, 2022) (same); *United States v. Ridgeway*, No. 22CR175-CAB, 2022 WL 10198823 (S.D. Cal. Oct. 17, 2022) (same); *United States v. Perez*, No. 3:21-CR-508-CAB-1, 2022 WL 17484969 (S.D. Cal. Sept. 26, 2022) (same); *Siddoway*, 2022 WL 4482739 (same); *United States v. Jackson*, No. CR22-37RSL, 2023 WL 1967199 (W.D. Wash. Feb. 13, 2023) (same); *United States v. Moore*, No. 3:20-CR-00474-IM-1, 2023 WL 154588 (D. Or. Jan. 11, 2023) (same); *see also United States v. Butts*, No. CR 22-33-M-DWM, 2022 WL 16553037, at *4 n.4 (D. Mont. Oct. 31, 2022) (collecting cases that have upheld federal gun regulations in the wake of *Bruen*).[1]

## IV.
## Conclusion

For the reasons stated above, Defendant's motion to dismiss the single count Indictment is denied.

IT IS SO ORDERED.

Dated:   March 14, 2023

_____
UNITED STATES DISTRICT JUDGE

---

[1] In opposition, the Government lists over 100 district court decisions throughout the country that have considered and rejected a post-*Bruen* challenge to the constitutionality of Section 922(g)(1). (*See* ECF No. 80 at 3-5 n.2.)